United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXT GENERATION CAPITAL LLC, | No. C-13-05464 DMR |
| Plaintiff, | **ORDER REASSIGNING CASE TO DISTRICT JUDGE; AND REPORT AND RECOMMENDATION TO GRANT IFP APPLICATIONS AND REMAND TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO** |
| v. | |
| MARY THAI, *et al.*, | |
| Defendants. | |

Defendants Mary Thai, Quang Thai, Nancy Lopez, and Pascual Lopez removed this case pursuant to 28 U.S.C. § 1331 from Superior Court of California, County of Solano, where it was pending as a complaint for unlawful detainer against Defendants. The Notice of Removal states one ground for removal: that the Complaint presents a federal question such that the case could have originally been filed in this Court. (Notice of Removal at 6, ¶ 3.) Defendants Nancy Lopez and Pascual Lopez have also filed applications to proceed *in forma pauperis* ("IFP").

When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). The parties have not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues herein a Report and Recommendation and reassigns this

case to a District Judge for final disposition, with the recommendation that the IFP applications be granted and that summary remand be ordered.

## I.  IFP Application

Having evaluated Defendants Nancy Lopez and Pascual Lopez's financial affidavits, the court finds that they have satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore recommends that the IFP applications be granted.  The court next turns to the issue of subject matter jurisdiction.

## II.  Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002).  Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id.* at 830.  The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id.* at 831.

According to Defendants' Notice of Removal, a federal question arises because "Defendant's [sic] strongly believe they have been discriminated [sic] and that the Plaintiff has violated federal law, by doing so," citing the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201 *et seq*. (Notice of Removal at 2.)  The complaint that Plaintiff filed in Solano County Superior Court, however, simply alleges a state cause of action under unlawful detainer.  (*See* Compl.)  Whatever Defendants intend to argue in response to this allegation does not give rise to removal jurisdiction. *Nguyen v. Bui*, No. 12-501 HRL, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21, 2012) (holding that

affirmative defenses based upon Federal Truth in Lending Act and Real Estate Settlement Procedures Act do not confer federal jurisdiction upon state unlawful detainer claim).

### III. Conclusion

For the reasons above, the court recommends that Defendants Nancy Lopez and Pascual Lopez's IFP applications be granted and that this action be remanded to the Solano County Superior Court. The Clerk is directed to reassign this case to a District Judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

IT IS SO ORDERED.

Dated: January 7, 2014



_____
DONNA M. RYU
United States Magistrate Judge

3